IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv076

| | |
|---|---|
| JULI ANN O. NISHIMUTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | **PROTECTIVE ORDER** |
| ) | |
| ) | |
| KATHLEEN SEBELIUS, as ) | |
|    Secretary of the United States ) | |
|    Department of Health and ) | |
|    Human Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's motion for a Protective Order. [Doc. 8].

The Defendant has asserted to the Court, with the later consent of the Plaintiff [Doc. 10], that certain documents or other information or materials in the encaptioned lawsuit which is a Medicare benefits appeal, that have been or will be exchanged and added to the record during the pendency of the appeal, are confidential or contain confidential information.

Defendant notes the District's Standing Protective Order Applicable to Social Security and ERISA Actions, dated April 21, 2005 and of record

as General Order No. 3:05-MC-42 (hereinafter sometimes, "the Standing Order").  The Standing Order addresses the dual needs of efficiency in the administration of justice and the privacy of litigants' personal, financial, and medical information, in the context of particular categories of cases where voluminous production is made of such sensitive material. Standing Order at 1.  It instructs parties and the Clerk on methods for adding such sensitive materials to the Court file that reasonably meet both those needs as they appear within the unique conditions of Social Security and ERISA matters. Standing Order at 2-4.

Defendant essentially argues that the same types and volume of sensitive material will come to be submitted by or about the Plaintiff to prosecute this Medicare appeal.  The Court, generally taking note of the regulations governing this matter as a Medicare benefits appeal, and the procedural similarities between this and Social Security benefits appeals, agrees.  Defendant then suggests that the privacy needs of this Plaintiff and the interest of the Court in efficient prosecution of this matter would best be met by the Court's extension of applicability of the Standing Order to this matter.  With this, the Court also agrees.

**IT IS, THEREFORE, ORDERED** that the District's Standing Protective Order Applicable to Social Security and ERISA Actions, dated April 21, 2005 and of record as General Order No. 3:05-MC-42, is, in all respects practicable, applicable to this matter *nunc pro tunc* to the date of filing of the complaint herein. Any additional precautions and assistance normally provided by the Clerk's for the confidentiality of information about pro se litigants in Social Security matters, shall be provided to the Plaintiff in this matter. The Court further invites the District's consideration of adding the class of all Medicare benefits appeals to the Standing Order.

**IT IS SO ORDERED.**

Signed: July 13, 2010

Martin Reidinger
United States District Judge